# THE PEOPLE *ex rel.* Thomas B. Rice

## *v.*

# THE BOARD OF TRADE OF CHICAGO.

1. MANDAMUS—*not awarded to control the action of voluntary associations for religious or moral purposes only.* Courts never interfere to control the enforcement of the by-laws of merely voluntary associations, created for the advancement of religious, moral or social principles, or merely for amusement. Such organizations must be left to enforce their rules and regulations by such means as they may adopt for their government.

2. The board of trade of Chicago, though incorporated under an act of the General Assembly, is merely a voluntary organization, which is fully empowered by its charter to govern in such mode as it may deem most advisable and proper, and when it has adopted by-laws and a forum for their enforcement, the courts will not interfere to control their action.

3. So, where a member of the board of trade was, under and in pursuance of the by-laws thereof, expelled, the court properly refused to award a writ of *mandamus* to compel the board to admit him to membership in the organization.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. LEONARD SWETT, Mr. JOHN J. HERRICK, Messrs. MONROE & McKINNON, and Messrs. HARDY & HERRICK, for the appellant.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, and Messrs. DENT & BLACK, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The General Assembly granted a charter authorizing a number of persons and their associates to form, in the city of Chicago, a board of trade. The organization was perfected, officers elected, by-laws adopted and the objects of the incorporation carried into operation. Thomas Rice, the relator, applied to and became a member of the body. In the year 1872, he was a member of the firm of John B. Lyon & Co., which consisted of Lyon, Rice and George J. Brine. The

firm was largely engaged in buying and selling grain during the month of August of that year. They purchased a considerable quantity of wheat of Dugan, Case & Co., and, also, of the firm of T. H. Seymour & Co.; also, 10,000 bushels of corn of this latter firm.

On the 22d of August, 1872, wheat suddenly declined largely in price. The wheat and corn was deliverable at the sellers' option—a portion during that month and a portion at any time during the year. On this decline in price, the sellers, who had deposited margins, according to the rules of the board of trade, necessary to secure the performance of their part of the contract, called on the firm of J. B. Lyon & Co. to deposit further margins, as they were authorized to do by the rules of the board of trade. This, J. B. Lyon & Co. failed to do, and thereupon the respective vendors proceeded, under the second section of the ninth rule of the board of trade, to give notice to Lyon & Co. that the contract must be considered as filled at the market price, and demanded payment of the difference between the selling and the market price. The bill for the difference was presented for payment. Its correctness was admitted, and they, at different times, made various propositions for the settlement of the claim.

In October, 1873, Dugan, Case & Co. filed a complaint against J. B. Lyon & Co. with the board of directors of the board of trade. The members of the firm were notified to appear and defend themselves against the charges. They appeared, and the hearing was continued from time to time until the 17th of March, 1874, when, on a hearing, the prosecution was dismissed without prejudice.

On the 3d day of April following, Dugan, Case & Co. petitioned for a rehearing, which was granted, and an order was passed allowing appellant and the other members of his firm to be permitted to appear by counsel, which had been previously denied them. Notice was served upon them, and, on the 13th day of April, they attended, with counsel, and obtained a continuance, and subsequently another continuance was granted them. They appeared in person, and protested

against the trial, denying any jurisdiction of the board of directors to try them, and withdrew, declining to offer evidence or make any defense.

The case was heard again, and, on the 28th of April, the several members of the firm were suspended from the privileges of the board until they should pay the money, or otherwise satisfactorily arrange the claim. Rice thereupon filed a petition in the Superior Court of Cook county for a writ of *mandamus* to compel the board of trade to restore them to all the rights and privileges of membership therein. Respondents answered the petition, to which petitioner demurred, and the court below entered a *pro forma* order, denying the writ, and relator appeals to this court.

No question has been raised whether the court below had jurisdiction to entertain the application for and to award the writ of *mandamus.* Has relator such an interest or legal right to membership in the board as will be regarded by a court of justice? It is true, that the body is organized under a statutory charter, and so are churches, masonic bodies, and odd fellow and temperance lodges; but we presume no one would imagine that a court could take cognizance of a case arising in either of those organizations, to compel them to restore to membership a person suspended or expelled from the privileges of the organization. They being organized by voluntary association, and not for the transaction of business, but for the purpose of inculcating their precepts and trusts, not for pecuniary gain, but for the advancement of morals and for the improvement of their members, they are left to adopt their constitutions, by-laws and regulations for admitting, suspending or expelling their members.

This organization is not maintained for the transaction of business or for pecuniary gain, but simply to promulgate and enforce amongst its members correct and high moral principles in the transaction of business. It is not engaged in business, but only prescribes rules for the transaction of business. In the organization of churches and the other bodies referred to, each person, on becoming a member, expressly, or by implica-

tion, pledges himself to stand to and abide by all rules, edicts and regulations adopted by the organization; and it appears that all persons becoming members of the board of trade do the same thing, and the body has the right to make, ordain and establish by-laws, rules and regulations for the government of the body and its members in their connection with it.

It may be that, where a corporation is created for the purpose of pursuing some pecuniary business for the acquisition of profits and gains for its members or stockholders, and a member is deprived of a right or privilege conferred by its charter, a court would, by *mandamus*, compel the body to admit such member to the exercise of his rights. In that case, a member or shareholder has such a pecuniary interest as might enable him to be protected or be admitted to the exercise of such rights by legal process; but courts never interfere to control the enforcement of the by-laws of merely voluntary associations created for the advancement of religious, moral or social principles, or merely for amusement. In such organizations, they must be left to enforce their rules and regulations by such means as they may adopt for their government. The board of trade, so far as we can see, is only a voluntary organization, which its charter fully empowers it to govern in such mode as it may deem most advisable and proper. It has adopted its by-laws, provided a forum for their enforcement, which has acted thereunder, and the court will not interfere to control its action.

It is true that, in the case of *The People* v. *Board of Trade*, 45 Ill. 112, this court proceeded to investigate and decide the questions there presented and arising out of the by-laws of this corporation; but in that case no question was raised as to the power of the court to entertain jurisdiction to grant the relief sought. Inasmuch as we regard it as obvious that appellant has failed to disclose a right which entitles him to the relief sought, we must decline to review and pass upon the action of the court below in refusing to award the writ to compel the board of trade to admit him to membership in that organization. The appeal will therefore be dismissed.

*Appeal dismissed.*