ROSINA A. GOTTMANSHAUSEN

*v.*

PETER WOLFING *et al.*

*Opinion filed December 22, 1906.*

APPEALS AND ERRORS—*when appeal should be taken directly to Supreme Court.* An appeal from a decree sustaining the validity of a will disposing of real estate in a manner different from that provided by the Statute of Descent should be taken directly to the Supreme Court upon the ground of a freehold, and if taken to the Appellate Court, the Supreme Court, on further appeal, will remand the case to the Appellate Court with directions to dismiss the appeal.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN L. HEALY, Judge, presiding.

JAMES A. BRADY, for appellant.

GOLDZIER, RODGERS & FROEHLICH, and C. LEWIS FRANING, for appellees.

Per CURIAM: This was a bill in chancery filed on May 28, 1902, in the circuit court of Cook county, by the appellant, against the appellees, to set aside the probate of the will of Maria Christina Wolfing, her deceased mother, which will was admitted to probate in the probate court of Cook county on the 25th of April, 1902, on the ground of mental incapacity and undue influence. A trial resulted in a verdict in favor of the will, and a decree was entered in accordance with the verdict, in favor of the defendants, and the complainant prosecuted an appeal to the Appellate Court for the First District, where the decree of the circuit court was affirmed, and a further appeal has been prosecuted by the complainant to this court.

It appears from the averments of the bill that said Maria Christina Wolfing died seized of real estate situated in the county of Cook, which was disposed of by the will in a manner different from what it would have descended by the laws of descent of this State in case said Maria Christina Wolfing had died intestate. We are therefore of the opinion that a freehold is involved in the determination of said suit, and that the appeal should have been prosecuted direct to this court instead of to the Appellate Court. *Gould* v. *Theological Seminary*, 189 Ill. 282; *More* v. *More*, 191. id. 97.

The judgment of the Appellate Court will therefore be reversed and the cause remanded to that court, with directions to dismiss the appeal.

*Reversed and remanded, with directions.*