## LOUIS G. BOSTEDO

### *v.*

## THE BOARD OF TRADE OF THE CITY OF CHICAGO.

*Opinion filed April 18, 1907.*

1. EQUITY—*equity will not enjoin expulsion of a member of a board of trade for violating its rules.* A court of equity will not entertain a bill by a member of a board of trade against the association and its officers to restrain them from expelling the complainant for a violation of the rules and by-laws, since the member's remedy, if he has any, is at law and not in equity.

2. BOARDS OF TRADE—*sale of membership does not divest board of power to try member.* A sale of a membership in the Chicago board of trade, where such sale has not been consented to by the board nor the transfer recognized at the time charges were preferred against the member for alleged violation of the rules and by-laws, does not divest the power of the board to try the member on such charges.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

STEIN, MAYER & STEIN, (PHILIP STEIN, of counsel,) for appellant.

HENRY S. ROBBINS, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a decree of the circuit court of Cook county dissolving a preliminary injunction and dismissing the bill of appellant for want of equity.

It appears that the appellant in 1903 became a member of the Board of Trade of the city of Chicago; that on the 12th day of September, 1905, charges in writing were preferred to the president and board of directors of said board of trade by John Hill, Jr., another member of said board of trade, against the appellant, charging him with violating

section 8 of rule 4 of the rules of said board of trade by making deals in corporate stock through a bucket shop in the city of St. Louis, State of Missouri, and with violating section 9 of rule 4 of said rules by publishing and circulating certain printed matter which reflected upon the methods of the exchanges of the city of New York and the city of Chicago.

In the case of *Sturges* v. *Board of Trade,* 86 Ill. 441, it was held a court of equity will not entertain a bill by a member of a private corporation against the corporation and its officers to restrain them from expelling the complainant for a violation of its rules and by-laws, and that the remedy of such member, if any there is, is in a court of law. And in *People* v. *Board of Trade,* 45 Ill. 112, *People* v. *Board of Trade,* 80 id. 134, *Baxter* v. *Board of Trade,* 83 id. 146, *Pitcher* v. *Board of Trade,* 121 id. 412, *Board of Trade* v. *Nelson,* 162 id. 431, and *Green* v. *Board of Trade,* 174 id. 585, this court has refused to restore members of the board of trade to membership who had been held by its board of directors to have forfeited their rights as members.

It seems to be thought, however, by appellant, that the rule announced in the foregoing cases should not be applied in this case, as it is said the rules of the board of trade charged to have been violated by the appellant attempted to regulate the conduct of appellant in matters not connected with the business of the board of trade or its members. The appellant voluntarily became a member of the board of trade, and at that time agreed, in writing, that he would in all respects be governed by and respect the rules, regulations and by-laws of said board of trade as they then existed or as they might thereafter be modified, altered or amended, and the charter of the board of trade provides: "Said corporation shall have the right to admit or expel such persons as they may see fit, in manner to be prescribed by the rules, regulations or by-laws thereof." And in *People* v. *Board of Trade,* 45 Ill. 112, on page 114, in considering said pro-

vision of appellee's charter, the court said: "Here is a specific grant of power, in terms so general that they seem to leave the causes of disfranchisement at the discretion of the corporation, subject only to the one limitation that the proceeding shall follow the 'rules, regulations or by-laws.'" And in *People* v. *Board of Trade,* 80 Ill. 134, on page 137, it was said: "The board of trade, so far as we can see, is only a voluntary organization, which its charter fully empowers it to govern in such mode as it may deem most advisable and proper. It has adopted its by-laws, provided a forum for their enforcement, which has acted thereunder, and the court will not interfere to control its action." In that case, on page 136, it was also said: "In the organization of churches and the other bodies referred to, each person, on becoming a member, expressly or by implication pledges himself to stand to and abide by all rules, edicts and regulations adopted by the organization; and it appears that all persons becoming members of the board of trade do the same thing, and the body has the right to make, ordain and establish by-laws, rules and regulations for the government of the body and its members in their connection with it." And in *Board of Trade* v. *Nelson, supra,* the court, on page 438, said: "The status of the board of trade has been determined by this court in numerous cases, and it has been held to be merely a voluntary organization although incorporated under an act of the General Assembly. * * * This corporation is not bound to admit any person to membership, nor was the relator in any way forced into such association. He voluntarily became a member, and by his contract is bound to abide by the rules and regulations of the board. The courts will never interfere to control the enforcement of by-laws of such associations, but they will be left to enforce their rules and regulations by such means as they may adopt for their government."

We think, therefore, in view of what has been said in the foregoing cases, and especially in view of the holding in

the *Sturges case*, that the circuit court did not err in refusing to enjoin the board of directors of appellee from proceeding to try appellant upon the charges preferred against him by Hill.

It is also urged that the appellant had sold his membership prior to the time charges had been preferred against him, to one VanDorn. The contract of sale may have been made between the appellant and VanDorn, but the appellee had not consented to the transfer of appellant's membership to VanDorn, and the appellant had not ceased to be a member and VanDorn had not become a member of the board of trade at the time the charges were preferred by Hill against appellant. The appellee did not, therefore, lose jurisdiction to try the appellant upon said charges by reason of the sale of the membership of the appellant to VanDorn. *Wood* v. *Chamber of Commerce*, 119 Wis. 367.

It is finally urged that appellant will lose the value of his membership if expelled, and the board of directors of the appellee have prejudged his case. Similar contentions were made in the case of *Green* v. *Board of Trade, supra,* but without avail.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*