RICHARD A. ALLEN, Plaintiff in Error, *vs.* THE CHICAGO UNDERTAKERS' ASSOCIATION, Defendant in Error.

*Opinion filed February 20, 1908.*

1. CORPORATIONS—*corporations may adopt by-law for expelling members.* Corporations, including those not for pecuniary profit, have power to adopt by-laws not inconsistent with the constitution and laws of this State and the United States, and may provide for the expulsion of members, whether such power is expressly given to them by their charters or not.

2. INJUNCTION—*equity will not enjoin expulsion of member of corporation.* If a member of a corporation not for pecuniary profit has any remedy against the corporation for expulsion from membership, such remedy is at law and not by a bill in equity to enjoin the threatened act.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEWEN, Judge, presiding.

JAMES R. WARD, for plaintiff in error.

GEORGE F. MULLIGAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error filed a bill for injunction in the superior court of Cook county against defendant in error, alleging that he is a licensed undertaker in the city of Chicago, and is now, and has for ten years last past been, a member of defendant in error, the Chicago Undertakers' Association; that said association is a corporation duly organized under the laws of Illinois, not for pecuniary profit, but its objects as stated in its charter are "to secure harmony in business and to cultivate a more friendly spirit socially, and to elevate and bring to a higher state of perfection our profession, to disseminate correct principles of business management,

the best method of protecting the interests of undertakers as well as those of patrons, and to promote the interests of all recognized and legitimate undertakers;" that defendant in error enacted a constitution and by-laws for its regulation, section 2 of article 6 of said constitution being as follows: "When a man is found guilty by this association of willfully violating any part of this constitution or by-laws he shall be fined not less than $10 and not more than $25 for the first offense, and not less than $25 and not more than $50 for the second offense, and not less than $50 and not more than $100 for the third offense, and expelled for the fourth offense." Section 8 of said article 6 of the constitution, which it is alleged was enacted after plaintiff in error became a member of said association, is as follows: "Any member who shall be found guilty of degrading the profession by such unprofessional conduct as individually soliciting or employing parties to secure business before death, as well as after, shall be dealt with according to section 2 of this article." Other sections of the constitution and by-laws provide for the trial of a member against whom charges have been preferred and for his suspension or expulsion. The bill further alleges that on September 18, 1906, plaintiff in error was charged with and afterwards found guilty of violating section 8 of said constitution and fined therefor, which fine he refused to pay. The bill further states that on the 25th day of October, 1906, the plaintiff in error was again cited to appear before the executive committee of said association to answer for another violation of said section 8, but, acting under advice of counsel, he did not appear before said committee nor take any part in said investigation and was again fined on such charge. Said bill sets forth that by an arrangement of defendant in error with an association known as "The North Chicago and Lake View Liverymen's Association," which is composed of all the liverymen of Chicago, any undertaker not a member of said undertakers' association may be deprived of the right to hire

hearses, carriages, horses and drivers from said liverymen, and that upon the demand of defendant in error said liverymen's association would refuse to hire hearses, carriages, horses and drivers to any undertaker who is not a member of the defendant in error association or is suspended therefrom; that undertakers depend upon the said liverymen's association alone for the furnishing of hearses, carriages, horses and drivers and without them would be unable to carry on their business; that as an undertaker plaintiff in error was doing a large and respectable business, and if deprived of the right and privilege of procuring horses, carriages and hearses from the said liverymen's association he would be unable to procure them elsewhere and his business would be destroyed and he would suffer irreparable loss, and that he was threatened with suspension from said undertakers' association for the non-payment of the aforesaid fines. The bill charges that said section 8 of the constitution of the defendant in error association is unreasonable and in restraint of trade and deprives plaintiff in error of the right of soliciting business in any manner, is foreign to the purposes and objects for which said association is formed and is contrary to the constitution and laws of the State of Illinois, and prays that said section be declared of no force and effect, and that said undertakers' association, its officers and servants, be enjoined from endeavoring to enforce the collection of any fines inflicted for any alleged violation of said section 8, or from suspending plaintiff in error from his membership in said association, or depriving him of any of his rights or privileges as such member, or from exercising any influence upon, demanding or requesting any liveryman to withhold from said plaintiff in error any hearse, carriages, horses and drivers when required by him. A temporary injunction was issued November 9, 1906, without notice, and on November 16 the defendant in error entered its appearance specially and moved to dissolve the injunction on the ground that "there is no equity on the

face of the bill." The motion was sustained and the injunction dissolved. From the decree dissolving the injunction plaintiff in error appealed to the Appellate Court for the First District, where the decree of the superior court was affirmed, and plaintiff in error sued out a writ of error from this court and brings the case here for review.

The principal grounds relied upon by plaintiff in error to sustain his bill in this case are: (1) That defendant in error's charter does not in express words confer power upon it to adopt rules or by-laws for the expulsion of members, and as the statute concerning the organization of corporations not for pecuniary profit does not in express language confer such power, none exists; (2) section 8 of article 6 of defendant in error is contrary to the constitution and laws of this State, in that it restricts the liberty and right of a member of a corporation to follow a lawful business in a lawful manner; (3) said section violates the common law and statutes of this State, in that it destroys and prohibits competition among members of the association and is against public policy; (4) section 2 of article 6 is in conflict with the constitution and laws of this State, in that it purports to give the defendant in error authority to exercise judicial powers in punishing its members by fine.

The bill alleges defendant in error was organized under the statutes of this State as a corporation not for pecuniary profit. It had no capital stock and no property. The objects of its organization, as alleged in the bill, were "to secure harmony in business and to cultivate a more friendly spirit socially, and to elevate and bring to a higher state of perfection our profession, to disseminate correct principles of business management, the best methods of protecting the interests of undertakers as well as those of patrons, and to promote the interest of all recognized and legitimate undertakers." There is nothing in these objects and purposes contrary to law or against the public policy of this State, and the bill does not charge that defendant in error was an

unlawful organization or that it sought to accomplish any unlawful purpose other than the adoption of the provisions of its constitution referred to, for fining, suspending and expelling members. The liverymen's association is not made a party to the bill, and it is not sought to question any agreement or arrangement said to exist between said association and defendant in error. On the contrary, the object and purpose of the bill is to secure to plaintiff in error the benefits of said agreement by the writ of injunction prohibiting his expulsion from defendant in error.

The statute under which defendant in error is organized confers power upon such corporations to make by-laws not inconsistent with the constitution and laws of this State and the United States, and it is argued that as there is no express mention of by-laws for the punishment or expulsion of members of the corporation no power to adopt such by-laws exists. The only limitation in the statute upon the by-laws adopted by the corporation is, that they shall not be in conflict with the constitution and laws of this State or of the United States. Within this limitation the corporation may adopt any reasonable by-law for the purpose of enabling it to carry out the objects and purposes of the organization. (*Fritze* v. *Equitable Building and Loan Society,* 186 Ill. 183; *People* v. *Chicago Gas Trust Co.* 130 id. 268.) In *People* v. *Board of Trade,* 45 Ill. 112, the board of trade being a corporation organized not for pecuniary profit, it was said, at page 114: "All the authorities on this subject unite in saying that corporations have an inherent power of disfranchisement for either one of three causes: First, for offenses having no immediate relation to a member's corporate duty but of so infamous a nature as to render him unfit for the society of honest men; second, for an offense against the member's duty as a corporator; and third, for offenses compounded of the two. The power to expel for these causes is manifestly essential to the healthful existence of the corporate body and does not depend on a specific

grant." The right of a corporation not for pecuniary profit to adopt rules or by-laws providing for the expulsion of members is sustained in *People* v. *Board of Trade,* 80 Ill. 134, and *People* v. *Order of Foresters,* 162 id. 78.

It is said by plaintiff in error that the board of trade cases decided by this court should not be considered authority on this proposition, for the reason that the charter of that organization gave it power to expel members in the manner to be prescribed by its rules, regulations or by-laws. In none of the many board of trade cases in our Reports where this subject is discussed is it said or intimated that the power to adopt rules or by-laws providing for the expulsion of members would not have existed in the absence of the express provisions of the charter conferring such power. On the contrary, in the case reported in 45 Ill. above quoted from, it is said the power to expel is essential to the healthful existence of the corporate body and does not depend upon a specific grant.

In the view we take of this case it is unnecessary to discuss other questions argued in briefs of counsel, for the reason that this court has uniformly held that if the complaining party has any remedy it is at law and not by bill in chancery for injunction. The following cases decided by this court seem to be conclusive of this question: *People* v. *Board of Trade,* 80 Ill. 134; *Sturges* v. *Board of Trade,* 86 id. 441; *Baxter* v. *Board of Trade,* 83 id. 146; *Bostedo* v. *Board of Trade,* 227 id. 90; *Pitcher* v. *Board of Trade,* 121 id. 412.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*