190    APPELLATE COURTS OF ILLINOIS.

German v. Supreme Tribe of Ben Hur et al., 201 Ill. App. 190.

## William O. German, Appellee, v. Supreme Tribe of Ben Hur and Walter Ruckel, Appellants.

1. MANDAMUS, § 154*—*when answer in proceeding to compel reinstatement of member of fraternal benefit society sufficient.* Where it appeared from the averments of the answer, in a mandamus proceeding to compel the reinstatement of a member of a fraternal benefit society, that the relator, on becoming a member of the society, had agreed to be bound by its constitution and by-laws which required, among other things, that members submit to its duly constituted tribunals and abide by the decisions thereof, and that a tribunal provided by the laws of the society for that purpose as set out in the answer, having before it the relator and a complaint charging him with a violation of the laws and rules of the society, proceeded in the manner provided by the laws of the society, found him guilty, expelled him from the society and canceled his benefit certificate, *held* that a demurrer to the answer was improperly sustained, it appearing that the action of the society had been conducted in accordance with the rules and regulations provided in such a case.

2. INSURANCE, § 856*—*when decision of internal tribunal binding.* The courts will not interfere with the merits of a controversy between a fraternal benefit society and one of its members where rules and laws of such society governing such controversies, to which the member has agreed to be bound on becoming a member, have been duly observed.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

BUSBY, WEBER, MILLER & ROBINSON, SIDNEY S. BREESE and ARTHUR J. DONOVAN, for appellants.

E. S. SMITH, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an order entered in the Cir-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

cuit Court of Sangamon county in a mandamus pro-
ceeding wherein William O. German was relator and
appellants were respondents, in which that court de-
clared null and void certain proceedings had by the
executive committee of appellant, the Supreme Tribe
of Ben Hur, whereby the relator, German, who had
theretofore been a member of that society, was ex-
pelled therefrom, and ordered that he be reinstated as
such member and that appellant Walter Ruckel, as
collector of dues for the said society, accept dues law-
fully assessed against the relator as a member of the
society.

The substance of the petition for mandamus is that
the Supreme Tribe of Ben Hur is a corporation or-
ganized under the laws of Indiana with its principal
office in that State, and was authorized to do and was
in fact doing business as a fraternal life insurance so-
ciety in Illinois, collecting funds therefor by assess-
ment on its members; that the executive committee of
the society had without justification or legal authority
expelled German from the society and canceled his
benefit certificate for $2,300, which he had thereto-
fore held in that society, and that the said society and
one Walter Ruckel, its collector of dues at Springfield,
Illinois, had refused to accept from him further dues
as a member of the society and treated his benefit cer-
tificate as no longer in force.

The answer of the society is very lengthy. It covers
about fifty pages of the abstract. This answer is
adopted by the other appellant, who adds some addi-
tional matter. The substance of these answers is that
the relator while a member of the society had violated
its laws and rules and had been tried for and found
guilty of such offense by the regularly constituted
forum of that society for that purpose, and had been
duly and regularly expelled from the society, and that
his benefit certificate had been properly canceled. The
answers admit that the society was organized in the

192      Appellate Courts of Illinois.

German v. Supreme Tribe of Ben Hur et al., 201 Ill. App. 190.

State of Indiana and had its principal offices in that State; that it was authorized to do business in Illinois as a fraternal beneficiary association, and shows that it has a lodge system with a ritualistic form of work and representative form of government, and that its officers reside outside of the State of Illinois. It contains either actually, or by proper reference, the charge or complaint on which he was tried, the evidence presented to the tribunal at the time of the trial, and the finding thereon, together with the order of expulsion. The by-laws, rules and regulations of the society, so far as the same were considered to pertain to the questions here involved, are also made part of the petition and answers.

To these answers a general demurrer was filed by the relator, and upon a hearing the same was sustained. Respondents elected to stand by their answers, whereupon the order above referred to was entered and this appeal followed. In the view we take of this case it is unnecessary to determine whether the courts of this State can exercise visitorial powers beyond the limits of the State so as to control the internal management of the appellant society, which is a foreign corporation. As we understand the holding of our Supreme Court in the case of *Babcock v. Farwell,* 245 Ill. 14, that question is one rather of policy than of jurisdiction, of power to enforce orders that might be made, rather than of the right to make them. We have therefore deemed it advisable to determine this case upon the merits of the controversy.

The facts averred in these answers are admitted by the demurrer to be true. It is therefore admitted, for it is averred in the answers, that when German applied for membership in this society he signed a written application which contains, in part, the following:

"I hereby solemnly promise to abide by and conform to all the laws, rules and regulations of the Supreme Tribe of Ben Hur that may now be in force or that

German v. Supreme Tribe of Ben Hur et al., 201 Ill. App. 190.

may hereafter be adopted." \* \* \* "I will use every reasonable effort to further the interests of the Order;"

that when he was initiated into the order he took an obligation which contained the following:

"I will to the utmost of my ability endeavor to promote the interests of this order";

which was taken and assented to by him; that the articles of association of the society provide:

"The legislation of this association shall be adopted only by its Supreme Tribe, which shall be the governing body";

that the laws of Indiana under which this society was organized provide:

"The Supreme Lodge or other similar governing body shall have exclusive right to change, amend, or otherwise alter the by-laws of the association";

that the articles of association provide for an executive committee; that under the laws of the association that committee have power and authority to expel members who shall violate the general ritualistic laws of the society; that the laws of the society further provide:

"The Executive Committee shall also have full power and authority to remove from any office he may hold and to reprimand or expel any member from the society for any one of the following causes:

"1. Where such member shall in a newspaper or by letter or circular, written or printed, or openly and orally, in a supreme meeting, or in the meeting of any local court, while in session, publish or use insulting language, reflecting upon an officer or member of the Supreme Tribe of Ben Hur, or any officer or member of a local court, whether such officer or member be present or not; or

"5. Where such member shall publicly and maliciously speak of and concerning any officer of the Supreme Tribe of Ben Hur, or any officer of his local court, any false and defamatory matter relating to his

194   Appellate Courts of Illinois.

German v. Supreme Tribe of Ben Hur et al., 201 Ill. App. 190.

conduct as an officer of the Supreme Tribe, or as an officer of his local court'';

that the laws of the society provide how and by whom complaints and charges may be made against members and how, by whom and when the same can be heard or tried and that ''the decision of the executive committee on such complaint shall be final and conclusive.'' It is further so admitted that charges were duly made against German; that he was notified and appeared and defended, and that he was found guilty and expelled from the society, and his benefit certificate was canceled.

It therefore appears that the tribunal provided by the laws of the society for that purpose, having before it the relator and a complaint charging him with a violation of the laws and rules of the society, proceeded in the manner provided by the laws of the society, found him guilty, expelled him from the society and canceled his benefit certificate. That proceeding and the laws and rules of the society under which it was conducted relate to the internal government of the society. With the merits of the controversies concerning such matters, courts will not interfere. Niblack on Benefit Societies, sec. 113, page 217 (2nd edition). When German became a member of the society, he not only by implication agreed to abide by its laws, rules and regulations (*Engel v. Walsh*, 258 Ill. 99-103; *Bostedo v. Board of Trade*, 227 Ill. 90), but he did so in express terms. In the *Engel* case the Supreme Court said:

''Courts will not interfere to control the enforcement of by-laws of such associations, but they will be left free to enforce their own rules and regulations by such means and with such penalties as they may see proper to adopt for their government.''

We think the answers of these appellants set up as a complete defense on the merits and that the demurrer to them should have been overruled.

The judgment of the Circuit Court is therefore reversed and the cause is remanded to that court for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*