TURNER v. BOARD OF TRADE OF CITY OF CHICAGO.

(Circuit Court of Appeals, Seventh Circuit. June 14, 1917.)

No. 2462.

1. COURTS &=366(1)—FEDERAL COURTS—CONSTRUCTION OF STATE STATUTE BY STATE COURT.

Generally a federal court treats the construction of a state statute by the highest court of the state as part of it and read into it.

2. EXCHANGES &=5(2)—BY-LAWS—FORFEITURE OF MEMBERSHIP.

A Board of Trade which, though incorporated, is a mere voluntary association, has power, the incorporating act not denying it, to provide by bylaw for forfeiture of a membership for fraud of the member in securing his acceptance as a member; it being reasonable, and not contrary to public policy or the law of the land.

3. EXCHANGES &=5(2)—BY-LAWS.

Provision of the charter of a board of trade authorizing it to inflict fines not exceeding $5 for breaches of by-laws is not inconsistent with right to provide by by-laws for forfeiture of membership for fraud in securing acceptance as a member.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by John B. Turner against the Board of Trade of the City of Chicago. From an adverse order, plaintiff appeals. Affirmed.

Appeal from an order denying application for temporary injunction to restrain the Board of Trade of the City of Chicago from proceeding to examine a charge preferred against appellant, one of its members.

The respondent, a corporation organized under and by virtue of an act of the General Assembly of the state of Illinois approved February 18, 1859 (Priv. Laws 1859, p. 13), issued a membership certificate to appellant. Since appellant became a member, he has paid all assessments levied against him, and until shortly prior to the commencement of this action, has enjoyed all the privileges which belong to a member of the respondent corporation.

On November 6, 1916, appellant was served with notice that charges had been preferred against him, a copy of which was attached to the notice, and which charge read as follows: "The undersigned, chairman of the membership committee, hereby complains of John B. Turner * * * and charges him with a violation of section 4 of rule 10 of the rules of the Board, in that he did upon his oath willfully make misstatements and did suppress facts before said committee to secure his acceptance by the directory as a member of this association, and that he did become a member on June 9, 1914."

The notice fixed a date and place for hearing the charges thus preferred. Pending the hearing, application was made to the court to restrain the board of directors of the respondent corporation from examining the charges or acting thereon. From an order denying this application for an injunction this appeal is taken.

Five of the twelve sections of respondent's charter read as follows:

"Section 1. That the persons now composing the Board of Trade of the City of Chicago, are hereby created a body politic and corporate, under the name and style of the 'Board of Trade of the City of Chicago,' and by that name may sue and be sued, implead and be impleaded, receive and hold property and effects, real and personal, by gift, devise, or purchase, and dispose of the same by sale, lease, or otherwise (said property so held not to exceed at any time the sum of two hundred thousand dollars); may have a common seal and alter the same from time to time; and make such rules, regulations, and by-laws from time to time as they may think proper or necessary for the government of the corporation hereby created, not contrary to the laws of the land."

"Section 4. The said corporation is hereby authorized to establish such rules, regulations, and by-laws for the management of their business, and the mode in which it shall be transacted, as they may think proper."

"Section 6. Said corporation shall have the right to admit or expel such persons as they may see fit, in manner to be prescribed by the rules, regulations, and by-laws thereof."

"Section 11. Said corporation may inflict fines upon any of its members, and collect the same, for breach of its rules, regulations, or by-laws; but no fine shall exceed five dollars. Such fines may be collected by action of debt, before a justice of the peace, in the name of the corporation."

"Section 12. Said corporation shall have no power or authority to do or carry on any business excepting such as is usual in the management of boards of trade or chambers of commerce, or provided in the foregoing sections of this bill."

Respondent has adopted many rules and regulations for the conduct of its business and for its government. In proceeding to examine appellant, it was acting under section 4 of rule 10, in force when appellant became a member, and which is as follows: "If any applicant shall intentionally or willfully misstate or suppress any fact or be guilty of any other fraudulent or dishonest act to secure his acceptance as a member, and thereafter and thereby become a member, the membership committee shall upon the discovery of such misconduct, immediately report the same to the board of directors, which, after due notice to such member of the time and place of such hearing, shall investigate such charges, and if such member shall be found guilty, the board of directors shall declare such membership forfeited."

Jacob Ringer, of Chicago, Ill., for appellant.
Henry S. Robbins, of Chicago, Ill., for appellee.

Before BAKER and EVANS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). Appellant's contention is that section 4 of rule 10 is ultra vires, and that a court of equity should interfere by injunction to prevent the enforcement of a rule of a corporation where the penalty prescribed for violation thereof deprives the offending member of a valuable property right. In other words, he challenges respondent's authority to forfeit the money value of a member's seat on the Board of Trade, although he concedes the power of the respondent to expel the member holding the certificate.

[1] Respondent is organized under the laws of the state of Illinois. As a general rule, the construction which the highest court of a state has given to a statute of a state becomes a part thereof and should be read into it. Douglass v. County of Pike, 101 U. S. 677, 25 L. Ed. 968.

The Supreme Court of Illinois has frequently construed the statutes under which the respondent is organized. People v. Board of Trade, 45 Ill. 112; People v. Board of Trade, 80 Ill. 134; Pitcher v. Board of Trade, 121 Ill. 412, 13 N. E. 187; Board of Trade v. Nelson, 162 Ill. 431, 44 N. E. 743, 53 Am. St. Rep. 312; Green v. Board of Trade, 174 Ill. 585, 51 N. E. 599, 49 L. R. A. 365; People ex rel. Doddson v. Board of Trade, 224 Ill. 370, 79 N. E. 611; Bostedo v. Board of Trade, 227 Ill. 90, 81 N. E. 42.

In the light of these decisions, the question presented by the appellant is hardly an open one. In Board of Trade v. Nelson, supra, the court said:

"The status of the Board of Trade has been determined by this court in numerous cases, and it has been held to be a mere voluntary organization, although incorporated under an act of the General Assembly."

This view of the status of respondent has since been approved in Bostedo v. Board of Trade, supra, and in People ex rel. Doddson v. Board of Trade, supra. In the latter case the court said:

"It is a mere voluntary organization, although incorporated under an act of the General Assembly. While it has rented out rooms as offices, from which it derives income insufficient, however, for its expenses, and while an assessment is required each year, and each membership has considerable money value, yet this does not change the character of the association. The corporation is not bound to admit any person into membership nor is any one obliged to join. When the relator became a member of the Board of Trade he voluntarily submitted himself to the operation of all laws enacted for its government, and agreed to be bound by them so far as within corporate authority."

While in all of the cases referred to, excepting People ex rel. Doddson v. Board of Trade, supra, the question at issue turned upon the authority of the respondent to expel a member, the reasons for the conclusion reached by the court well support respondent's contention in this case. But in the case of People ex rel. Doddson v. Board of Trade, supra, no such difference in the contention of the member existed. That action was to test the power of the Board of Trade to forfeit the membership of the relator, who instituted a mandamus proceeding to compel the secretary of the respondent to restore him to his rights and privileges of membership.

It will be thus seen that, while in the other cases the precise question was the authority of the Board of Trade to expel a member, in this last case the issue turned upon the authority of the respondent to forfeit all the rights of membership, including the money value of the membership certificate.

Section 3 of this same rule 10 provided then, as it provides now, that failure to pay dues for a stated period "shall of itself operate as a forfeiture and cancellation of the membership of such member and of all his rights and privileges thereunder." This rule was attacked as "unreasonable, unwarranted by the charter, contrary to public policy, and contrary to the law of the land." The court said:

"We do not think the rules and by-laws in this case infringed public policy or any rule of law, or are unreasonable; hence the court will not interfere to control their enforcement. Under such circumstances, corporations and associations such as the Board of Trade will be left to enforce their own rules and regulations in manner they have adopted for their own government and discipline."

Without repudiating the construction of the statute thus given to it by the Supreme Court of the state that enacted it, we must reject appellant's contention.

The case of In re Gaylord (D. C.) 111 Fed. 717, 7 Am. Bankr. Rep. 195, relied upon by the appellant, does not hold to the contrary. The question there, was not, as here, whether a rule of the St. Louis Stock Exchange was ultra vires, but whether any rule or by-law was in existence that provided for a forfeiture of all the member's rights in case the rule was violated. The court in that case, however, did refer to

the power of such an organization to pass such a rule as is here under consideration, and used this language:

"It was within the power of the association to make provision for the forfeiture of all rights based upon membership in case of expulsion."

[2] The status of the respondent having been determined by the Supreme Court of the state of Illinois, we find nothing in the incorporating act that would deny to the Board of Trade the power to enact rules or by-laws providing for forfeiture in case such rules or by-laws are not complied with.

The rule under consideration is reasonable, it is not contrary to public policy, nor contrary to the law of the land. People ex rel. Doddson v. Board of Trade, supra.

[3] Section 11, quoted above, is not inconsistent with this right to forfeit a member's seat. It was obviously intended as an additional grant of powers. It is inconceivable that a maximum fine of $5 should be the only punishment which the respondent could impose when the member's misconduct is so great as to justify expulsion.

The order is affirmed.