*34 MEMORANDUM ON MOTION TO QUASH SERVICE OF PROCESS AND RULE TO SHOW CAUSE
ADKINS, J.
This is a motion by defendant Cotton Garment Code Authority, Inc., to quash service. This defendant is a Delaware corporation with its main office in New York and having no office in Washington.
Process was served on Arthur B. Dickinson who is an employe of defendant and has desk room in Washington and acts as contact man with the National Industrial Recovery Board for the Executive Director of the Code Authority.
Defendant furnishes Mr. Dickinson with a stenographer, and pays both of them by check from New York.
After a study of all the authorities cited by counsel on both sides I am of the opinion that the business done by Dickinson is incidental and is not “of such character and extent as to warrant the inference that the foreign corporation is present by its agent” in the District of Columbia.
Under the decisions of the Court of Appeals and the Supreme Court the motion to quash service should be granted.
See Layne v. Tribune Co., 63 App. D. C. 213; Neely v. Inquirer Co., 61 App. D. C. 334; Cancelmo v. Seaboard Air Line Ry. Co., 56 App. D. C. 225; Peoples Tobacco Co. v. American Tobacco Co., 246 U. S. 79; Consolidated Textile Co. v. Gregory, 289 U. S. 88.
MEMORANDUM ON APPLICATION FOR PRELIMINARY INJUNCTION
ADKINS, J.
Two of the plaintiffs have been removed from their position as members of the Code Authority for the Cotton Garment Industry and the third has been removed from his *35 position as alternate. They assert that their removal is illegal. They ask a preliminary injunction to restrain the members of the National Industrial Recovery Board from directing, participating in or approving any action of the Cotton Garment Code Authority, Inc., until plaintiffs are accorded recognition as members thereof; and to restrain the Cotton Garment Code Authority, Inc., from denying plaintiffs the right to attend, participate in and vote at Code Authority meetings; and also to restrain the Cotton Garment Code Authority, Inc., from taking any action whatever in the administration of said Code while plaintiffs are excluded from participation in its meetings.
In effect plaintiffs ask that the operations of the Cotton Garment Code Authority, Inc., be stopped unless and until plaintiffs are permitted to act as members thereof.
To be entitled to a preliminary injunction plaintiffs must show that the court has jurisdiction both of the subject-matter involved and of the defendants. To justify the drastic action requested plaintiffs must make a reasonably clear showing that ultimately they will be entitled to a final decree.
Plaintiffs have failed to make a persuasive showing in any of these respects.
1. The jurisdiction of the court over the subject matter is very doubtful.
The Cotton Garment Code Authority, Inc., is a corporation organized under the laws of Delaware. Its charter provides that it shall be a membership corporation and “shall not be conducted for profit.”
Plaintiffs are reimbursed their actual expenses incurred in performing their duties as members of the corporation but they receive no compensation otherwise. I am unable to see that any right of property is involved.
In the case of In re Sawyer, 124 U. S. 200, 210, the Court said—
*36 “The office and jurisdiction of a court of equity, unless enlarged by express statute, are limited to the protection of rights of property. It has no jurisdiction over the prosecution, the punishment or the pardon of crimes or misdemeanors, or over the appointment and removal of public officers. To assume such a jurisdiction, or to sustain a bill for the punishment of offences, or for the removal of public officers, is to invade the domain of the courts of common law, or of the executive and administrative department of the government. . . .
“It is equally well settled that a court of equity has no jurisdiction over the appointment and removal of public officers, whether the power of removal is vested, as well as that of appointment, in executive or administrative boards or officers, or is entrusted to a judicial tribunal. The jurisdiction to determine the title to a public office belongs exclusively to the courts of law, and is exercised either by certiorari, error or appeal, or by mandamus, prohibition, quo warranto, according to the circumstances of the case, and the mode of procedure established by the common law or by statute” (212).
The principle that the jurisdiction of a court of equity is limited to the protection of rights of property is fundamental.
I have carefully examined the cases cited by plaintiffs’ counsel. Except in one ease it appears that property rights were involved. In Lawrence v. Ingersoll, 88 Tenn. 52, 6 L. R. A. 308, Lawrence claimed to have been elected member of a board of education and brought suit to enjoin the other members from refusing to recognize him as a member of the board. The majority of the Court held that he had not been elected and denied relief. It does not appear that the position of member of a school board was one of profit, but the cases relied on by the court to sustain jurisdiction involved positions of profit.
In the case of Haupt v. Schmidt, 70 Ind. App. 260, where the facts were practically the same, the court held that it *37 was without jurisdiction because no question of property was involved.
The rule is applied where it is sought to expel a member of a nonprofit corporation. In Allen v. Chicago Undertakers Asso., 232 Ill. 458, the court held that it had no jurisdiction to restrain a corporation, organized not for pecuniary profit, from expelling one of its members. It was held that his remedy was at law.
The rule is also applied in disputes between fraternal societies, labor unions and other unincorporated associations and their members. The courts of equity are without jurisdiction to enjoin such an organization from expelling a member except where property rights are involved. See Rogers v. Tangier Temple, etc., 112 Neb. 166, 171.
2. The jurisdiction of the Court over one of the defendants is doubtful.
The Cotton Garment Code Authority, Inc., has its main office in New York and has no office in Washington. Jurisdiction over it does not exist unless it is doing business in the District of Columbia.
Process was served on an employe of that defendant who has desk room in Washington and acts as contact man for the Executive Director of the Code Authority to transmit to the National Recovery Administration orders, directions, papers and other matters for the Executive Director and to transmit to the latter such papers, documents and memoranda as the employe may gather at the National Recovery Administration in connection with his duties as contact man for the Executive Director.
Under the authorities I think it is very doubtful whether defendant Cotton Garment Code Authority, Inc., is doing business in the District of Columbia.
3. On the merits I think it is fairly clear that the removal of plaintiff Lee H. Jones was within the. discretion of the *38 defendant National Industrial Recovery Board. He was appointed “for the period ending February 28, 1934, or until his successor is appointed.” His appointment was under Art. IX-B of the Code which provides that “The Administrator, at his discretion, may appoint not more than three additional members to represent such groups or interests as he may deem entitled to representation.”
In discussing this provision of the Code in his letter of transmittal to the President the Administrator said he would exercise this power “to appoint for the time being to the Code Authority a representative of the Southern Garment Manufacturers Association.”
It seems to me that the right was reserved to the Administrator to remove this appointee at any time after February 28, 1934.
4. The other two plaintiffs are in a somewhat different position. At this time I think I should not pass on the merits of their contentions.
But I am unable to find that the denial of a preliminary injunction will work greater injury to them than would be inflicted on defendants if the preliminary injunction were to be granted.
Under all the circumstances I think it would be unreasonable to issue the preliminary injunction requested.
Therefore the rule to show cause will be discharged and the motion denied.