## In re ROSENBAUM GRAIN CORPORATION.
### No. 59666.

District Court, N. D. Illinois, E. D.
Oct. 1, 1935.

602

Hopkins, Starr & Godman, Murry Nelson, Chapman & Cutler, Mayer, Meyer, Austrian & Platt, Taylor, Miller, Busch & Boyden, Hopkins, Sutter, Halls & De Wolfe, Amberg, Ott, Dahlin & Livingston, Arthur J. Hughes, John C. Weaver, Moses, Kennedy, Stein & Bachrach, Samuel A. & Leonard B. Ettleson, Townley, Wild, Campbell & Clark, Elias Mayer, Pam & Hurd, Kirkland, Fleming, Green & Martin, Johnson, Swanstrom, Wiles & Clawson, and Montgomery, Hart, Pritchard & Herriott, all of Chicago, Ill.

HOLLY, District Judge.

On April 23, 1935, Rosenbaum Grain Corporation filed its voluntary petition under section 77B of the Bankruptcy Act, 11 USCA § 207. On the same day the petition was approved, and the corporation thereupon moved the court for a temporary restraining order restraining the Board of Trade of Chicago, hereinafter referred to as the Board, and the Board of Trade Clearing Corporation, hereinafter referred to as the Clearing Corporation, from suspending the debtor, or its officers or employees, from membership in said corporations. Upon the showing then made that serious injury might result to the owners of grain, the farmers, the producers, shippers, and consumers of grain throughout the world from the dumping of grain on the market if the debtor or its registered members were suspended from the Board or Clearing Corporation, the restraining order was entered without notice to the Board or Clearing Corporation. The Board and the Clearing Corporation have moved to dissolve the restraining order.

For many years the debtor herein was engaged in business dealing on the Board of Trade of the City of Chicago in cash grain and futures. It was also a member of the Board of Trade Clearing Corporation. The Board of Trade is a corporation organized under a special act of the General Assembly of the State of Illinois for the purpose of maintaining a commercial exchange, chiefly for agricultural products, and is authorized by its charter to make such rules, regulations, and by-laws as it may deem proper, not contrary to the laws of the land, for the government of the corporation, and to admit and expel such persons as it may see fit in manner prescribed by the rules, regulations, and by-laws thereof. In pursuance of the authority granted by the charter it has adopted rules for admission, suspension, and expulsion of members, which rules, in substance, are as follows:

Any male person of good character and credit eligible for membership may be-

come a member upon election by the Board of Directors and signing an agreement to be bound by the charter, rules, and regulations of the Board, and all amendments thereto.

Membership, by the rules, is not transferable, except that if a proposed transferee is approved for membership by the Board, the transfer may be consummated upon payment of a prescribed fee.

While a corporation is not eligible to membership, a corporation may be permitted to trade in cash grain or provisions in its own name if two of its officers, members of the Board, register their memberships in the name of the corporation; such registration being effected under certain rules of the association which it is not necessary to state here.

Whenever it appears to the president that a member, a firm, or corporation registered upon the association has failed to meet his or its engagements, or is insolvent, the secretary shall announce to the association the suspension of such member, firm, or corporation, which suspension shall continue until the member has been reinstated after having settled with his creditors or the creditors of his firm or corporation. If a member so suspended fails to settle with his creditors and fails to file for reinstatement within one year from the date of his suspension or within such further time as the Board may grant, his membership may be disposed of by the Board. If the Board of Managers determines that the member so suspended has been guilty of irregularities or unbusinesslike dealings such member may, by a two-thirds vote of the Board of Directors, be declared ineligible for reinstatement. A member who has been adjudged, by a majority vote of the members of the Board present, guilty of a violation of any rule or regulation of the association or of any by-law or resolution of the Clearing Corporation regulating the conduct or business of members or guilty of violating any agreement made with the association or guilty of fraud, dishonorable or dishonest conduct, or of conduct or proceedings inconsistent with just and equitable principles of trade, may be suspended or expelled as the Board may determine.

Further, one found guilty of making fictitious transactions or making purchases or sales or offers to purchase or sell commodities or securities for the purpose of upsetting the equilibrium of the market or making a misstatement upon a material point to the Board or one of its committees, or has been found guilty of any act which may be detrimental to the interest or welfare of the association, may be suspended or expelled as the Board may determine. Other conduct of a dishonorable character, specified in the rules, also warrants the suspension or expulsion by the Board.

The rules provide for formal accusation against a member charged with misconduct, notice to the accused, and trial.

Registration of a corporation may be terminated by the action of the Board in suspending the registered corporation or by action of the Board in suspending or expelling its registered member or members leaving the corporation without the required number of qualified registered members.

On April 23, 1935, the date of the filing of the petition of the debtor seeking relief under the provisions of said section 77B, there were three memberships registered in the name of the debtor, those of E. S. Rosenbaum, L. T. Sayre, and Emanuel F. Rosenbaum. L. T. Sayre has since resigned as a member. The debtor did not own these memberships, but it did in each case pay to the Board dues and assessments on such memberships. Each of said members was an active executive officer of the debtor.

All futures trades of members of the Board or of registered corporations must be cleared or executed through the Clearing Corporation. By rule 313 of the Clearing Corporation, a corporation may be a member of the Clearing Corporation if two of its bona fide and active executive officers are members of the Board and have registered their membership for the use of the corporation under the rules of the Board. The debtor, under this rule, was a member of the Clearing Corporation. For the service of clearing such trades, the Clearing Corporation makes specified clearing charges. For the service of having trades cleared, members of the Clearing Corporation charge nonmembers of the Clearing Corporation commissions, which are in excess of the clearing charges paid to the Clearing Corporation. Commissions charged by registered corporations or members of the Board to their customers for brokerage are in excess of the commissions charged for clearing trades. A registered corporation which is also a member of the

604

Clearing Corporation saves the commission on business done for its own account, and saves the commission payable by nonmembers of the Clearing Corporation to members thereof for clearing the trades, and incurs only the clearing charges made by the Clearing Corporation for such clearing service.

The debtor has been a member of the Clearing House since 1925, and a portion of its revenues has been derived by virtue thereof.

It is contended by the Board and the Clearing Corporation that this court is not authorized to interfere with the internal management of the Board or Clearing Corporation; that it is well settled that the courts may not restrain the Board or Clearing Corporation from disciplining or expelling its members, provided in such disciplining or expulsion the corporation adheres to its regularly established rules or by-laws, those rules or by-laws not being contrary to settled law or public policy.

The debtor, however, maintains with reference to such memberships that:

(1) The status of the debtor as a registered corporation is property within the purview of section 77B of the Bankruptcy Act.

(2) Restraint of suspension of the debtor registered corporation is necessary to prevent or seriously embarrass the formulation and consummation of a plan of reorganization and that such restraint will not prejudice the rights or affect adversely the interests of the Board or the public.

(3) Restraint of suspension of the registered members of the debtor is necessary to prevent the destruction of its status as a registered corporation.

■ That the memberships on the Board and the Clearing Corporation are property is well settled. Board of Trade v. Johnson, 264 U.S. 1, 44 S.Ct. 232, 68 L. Ed. 533. The property right of the holder, however, is a limited right. It is a right subject to the rules and regulations of the corporation by which the holder has agreed to abide. It is a property right growing out of a contract between the member and the corporation and is subject to the terms and conditions of that contract. The Supreme Court of Illinois, whose decisions on these questions I am bound to follow (Douglass v. County of

Pike, 101 U.S. 677, 25 L.Ed. 968; Turner v. Board of Trade [C.C.A.] 244 F. 108), has had the question of the relation of the Board and its members before it many times, and it has uniformly held that the courts ordinarily may not interfere to control the enforcement of the by-laws of the Board, but it will be left to enforce its rules and regulations by such means as it may adopt for their enforcement; that the member became such voluntarily and by his contract is bound to abide by the rules and regulations of the Board. Sturges v. Board of Trade, 86 Ill. 441; People v. Board of Trade, 80 Ill. 134; Board of Trade v. Nelson, 162 Ill. 431, 44 N.E. 743, 53 Am.St.Rep. 312: Bostedo v. Board of Trade, 227 Ill. 90, 81 N.E. 42. The Circuit Court of Appeals of this circuit has followed the courts of Illinois on this question. Turner v. Board of Trade, supra.

■ Much of the argument of the various counsel representing the debtors, and others who have appeared to oppose the dissolution of the restraining order, is based upon the assumption that the sole ground of the Board for suspending or expelling the members of the Board who have registered their membership for the debtor is the failure of the debtor, by reason of and as result of the filing of its petition for relief under section 77B (11 USCA § 207), to meet its trading obligations. But it is possible, of course, that there are other reasons for the Board to take action against these members. And the restraining order, if continued in force, will prevent the Board from taking action no matter of what delinquencies the members have been guilty. The court is not intimating that they have been guilty, but it cannot say they have not. No showing has been made that they have been, but such showing is not necessary, nor would it be proper, to make such charges on the hearing for the dissolution of the restraining order. But this court does not feel that it has the power, nor should it in the interests of public policy attempt, to interfere with any proper action of the Board in the event such charges are made.

■■ I have said that the property right of the members of the Board is a right subject to the qualifications of the contract by which they became members. That is true, but it is also true that a bankruptcy court may, when it is necessary for the proper administration of the estate of a

bankrupt or debtor, interfere to prevent the enforcement of rights growing out of contract. It may restrain the exercise of the contract right of a creditor to sell collateral given to secure the payment of his debt, if it appears that such sale will so hinder, obstruct, and delay the preparation and consummation of a plan or reorganization as to probably prevent it, provided the creditor is not injuriously affected. Continental Bank v. Chicago, Rock Island Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110. And I believe that this court has power to restrain the Board from suspending the registered members of the debtor arbitrarily, or on insufficient evidence although the Supreme Court of Illinois has held that the sufficiency of the evidence to authorize the expulsion of a member may not be inquired into by the courts. Board of Trade v. Nelson, supra. Possibly, the court has power to restrain the suspension of the registered members if the sole ground for the suspension is that the debtor has not made full settlement with its creditors, members of the Board, but has resorted to this court to secure a reorganization. In re Hicks (D.C.) 133 F. 739. But that question may be settled later.

It is urged that if this court permits the Board to proceed now against the registered members, such action will prevent any feasible plan for reorganization being effected, that the capital necessary for a reorganization cannot be raised if these registered members are suspended or expelled and the debtor loses its standing on the Board. Possibly that is true, but it is equally true that if the restraining order is continued in force until a plan of reorganization is presented, accepted, and confirmed, and then the members of the Board are expelled, a fraud may be perpetrated upon those who have furnished new capital on the theory that the debtor would not lose its rights on the Board.

What has been said above concerning the memberships on the Board applies to the membership in the Clearing Corporation.

The restraining order heretofore entered will be modified to permit the Board to hear any charges that may be presented against the registered members, E. S. Rosenbaum and Emanuel F. Rosenbaum, make its findings thereon, and present them to this court with a request for the dissolution of the order and permission to take action in accordance with its rules. The court will then determine, upon the showing made, whether the temporary restraining order should be dissolved.

The Clearing Corporation may proceed in the same manner.