**In the Matter of MERRITT LUMBER CO., Inc.**

**No. 70–705.**

United States District Court,
E. D. Pennsylvania.

March 5, 1971.

**326**

Lynn L. Detweiler of Swartz, Campbell & Detweiler, Philadelphia, Pa., for petitioner (Pennsylvania Lumbermens Mutual Insurance Company).

Melvin Lashner of Adelman & Lavine, Philadelphia, Pa., for respondent (Receivers).

J. Jackson Eaton, III, of Butz, Hudders & Tallman, Allentown, Pa., for debtor (Merritt Lumber Company, Inc.).

## MEMORANDUM OPINION

WEINER, District Judge.

This matter comes before this Court on a Petition for Review of an Order by the Referee in Bankruptcy in which the Referee enjoined the Pennsylvania Lumbermens Mutual Insurance Company (hereinafter Lumbermens) from cancelling fire insurance policies covering the properties of Merritt Lumber Co., Inc., the debtor. The background of this matter is as follows:

The debtor, a retail lumber and millwork company, had filed a Petition for an Arrangement under Chapter XI of the Bankruptcy Act. Receivers were appointed by this Court and have continued the debtor's business. Lumbermens was, at the time of the filing of the said petition by the debtor, the insurance company that insured the inventory and buildings of the debtor from fire and other perils. Lumbermens specializes in insuring retail lumber businesses. On November 19, 1970, the insurer sent written notices to the debtor advising them of the cancellation of the policies, effective December 21, 1970. The cancellation notice was in full accord with the cancellation provision in the policy which provision is valid under Pennsylvania law. See 40 Purdons § 636.

Upon receiving the notice of cancellation, the receivers filed a petition to compel Lumbermens to continue insurance coverage on the real and personal property of the debtor. A hearing was held before the Referee in Bankruptcy, Russell L. Hiller. Testimony, which was uncontradicted, was presented by the receivers to the Referee which established that the insurance policies were in full force and effect at the time of the filing of the Chapter XI proceedings and that the cancellation notices were sent solely because the debtor filed a petition under Chapter XI; that the receivers were not able to place this insurance with any other insurance company and that unless there was a valid fire insurance coverage the receivers would not be able to continue operation of the debtor's business. The receivers have been able, at all times, to pay the insurance premiums as they become due. Lumbermens relied solely on the provision in the insurance policy that permits either party to unilaterally cancel by giving the other thirty (30) days written notice.

A restraining order was signed by Referee Hiller enjoining Lumbermens from cancelling or otherwise terminating the policies prior to their expiration date as long as the premiums are paid as due, or until Lumbermens are notified by the receivers that they have replaced that insurance. Lumbermens has petitioned us for a review of that order. We have carefully considered this matter and will affirm the referee's order.

■■ The pivotal question involved is whether, in the course of a Chapter XI proceeding, the Bankruptcy Court has the jurisdiction to enjoin an insurance carrier in Pennsylvania from cancelling a standard fire insurance policy which was issued to the insured prior to the proceedings. Section 2a(15) of the Bankruptcy Act provides that the courts of bankruptcy shall have the jurisdiction to:

"Make such orders, issue such process, and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this [Act]. . . ."

The provisions of § 2a(15) are applicable to Chapter XI proceedings. 8 Collier on Bankruptcy ¶3.23 r.3 (14th ed. 1969). Injunctions may be issued, when necessary, to prevent the defeat or impairment of the jurisdiction of the bankruptcy court, to enforce the provisions of the Act, and to effect the object of the proceedings free from interference. 8 Collier on Bankruptcy ¶3.23 at 276 (14th ed. 1969).

■ The very purpose of a reorganization proceeding, as contrasted to a straight bankruptcy, is the preservation of the going-concern value of the business of the debtor. Application of Realty Associates Securities Corporation, 58 F.Supp. 220 (S.D.N.Y.1945). 6 Collier on Bankruptcy ¶4.04 at 746 (14th ed. 1969). The testimony produced at the hearing before the Referee was that if insurance was not available, the receivers would not be able to obtain merchandise from creditors and they would not be able to continue the operation of debtor's business.

The case of In Re Rosenbaum Corp., 13 F.Supp. 601 (N.D.Ill.1935) is analogous. There a contractual relationship existed between the debtor, a commodities trading corporation and the Chicago Board of Trade, with which the debtor was registered. A valid regulation of the Board stated that when any member fails to meet its engagements, or becomes insolvent, such member shall be suspended. Upon the institution of the bankruptcy proceeding the Board took action to suspend the debtor in accordance with the rules of its membership contract. Such a suspension would significantly impair the ability of the debtor to reorganize its affairs. The court granted an injunction stating:

"I have said that the property right of the members of the Board is a right subject to the qualifications of the contract by which they became members. That is true, but it is also true that a bankruptcy court may, when it is necessary for the proper administration of the estate of a bankrupt or debtor, interfere to prevent the enforcement of rights growing out of contract. . . . And I believe that this court has power to restrain the Board from suspending the registered members of the debtor arbitrarily, or on insufficient evidence although the Supreme Court of Illinois has held that the sufficiency of the evidence to authorize the expulsion of a member may not be inquired into by the courts". Id. at page 604–605.

We are in full accord with the reasoning and result of this case. cf. In Re Lustron Corp., 184 F.2d 789 (7th Cir. 1950), cert. den. R.F.C. v. Lustron, 340 U.S. 946, 71 S.Ct. 531, 95 L.Ed. 682 (1951). In the present matter, the relief requested by petitioner would effectively destroy the value of the business of the debtor. Therefore, it is our conclusion that the order of the referee was correctly granted.