TODD et al. v. LIPPINCOTT et al. *

(Circuit Court of Appeals, Third Circuit. May 29, 1919.)

No. 2456.

RECEIVERS ⬤⟶157—PAYMENT OF DIVIDENDS TO CREDITORS—DISCRETION OF COURT.

> Receivers of an insolvent corporation, who brought it to a state of solvency and its business to such condition that it could shortly pay all its debts, secured and unsecured, from its earnings, *held* properly permitted to pay a dividend to unsecured creditors, to the exclusion of the holders of mortgage bonds on which interest was being paid as it accrued, and which were in litigation as to the question of their maturity because of prior defaults.

Appeal from the District Court of the United States for the District of New Jersey; Thomas G. Haight, Judge.

Suit in equity between M. Hampton Todd and Walter Wood, receivers of R. D. Wood & Co., and Heulings Lippincott and Alfred J. Major, receivers for Camden Iron Works. The receivers for the Wood Company appeal from an order authorizing receivers for the Iron Works to pay a dividend. Affirmed.

J. H. Brinton and William F. Norris, both of Philadelphia, Pa., for appellants.

Henry P. Brown, of Philadelphia, Pa., and J. H. Gaskill, of Camden, N. J., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and DICKINSON, District Judge.

WOOLLEY, Circuit Judge. This is one of many controversies growing out of the insolvency and complicated relations of R. D. Wood & Company, a partnership, and Florence Iron Works and Camden Iron Works, corporations, disclosed in some measure by the opinion of this court in Wood v. Todd, 251 Fed. 530, 163 C. C. A. 524. The matter now before us had its rise in a petition by the receivers of Camden Iron Works to the District Court for authority to pay a dividend of thirty per cent. on the principal and interest of the corporation's unsecured debts and on a bill in equity filed in opposition by the receivers of R. D. Wood & Company, praying, first, that the holders of mortgage bonds of Camden Iron Works be allowed to share proportionately with the general creditors in the proposed dividend; and second, that the holders of said mortgage bonds be paid additionally a sum equivalent to the amount of a dividend previously paid the general creditors; or, in default of such payments, that cash in the hands of the receivers, equivalent in amount to the dividends paid and to be paid general creditors, be set aside for the protection of the said mortgage creditors. The District Court entered a decree dismissing the bill of the receivers of R. D. Wood & Company and granted the petition of the receivers of Camden Iron Works. From this decree, the receivers of R. D. Wood & Company appealed.

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 250 U. S. —, 40 Sup. Ct. 12, 64 L. Ed. —.

The question on this appeal, as framed by the appellants, is:

"Where receivers are operating an insolvent corporation, may dividends be declared and paid to unsecured creditors to the exclusion of holders of bonds secured by a mortgage on the plant so operated, where foreclosure is not allowed and the insufficiency of the collateral is held to be immaterial?"

If this were an accurate statement of the question here involved, it would be impossible to escape the application of the law declared in Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 Sup. Ct. 360, 43 L. Ed. 640, and Hitner v. Diamond State Steel Co. (C. C.) 176 Fed. 384, cited and insistently relied upon by the appellants. This law, in effect is, that in a suit in equity brought for the purpose of administering the affairs, paying the debts and distributing the assets of an insolvent corporation, through a receivership, the distribution of such assets shall be pro rata among the creditors, subject to established liens, preferences and priorities, in determining which, a secured creditor may prove and receive dividends upon the face of his claim as it stood at the time of the declaration of insolvency, without crediting either his collaterals or collections made therefrom, provided, of course, that dividends must cease when the claim has been paid in full.

The real question in this case can best be understood—and the applicable rule of law be found—from a statement of the facts and circumstances out of which the question arose. They are these:

The firm of R. D. Wood & Company practically owned and actually operated Camden Iron Works, acting as its financial, purchasing, and selling agent for many years in the manufacture of iron and steel products. Of the 8,000 shares of preferred stock of Camden Iron Works, the firm and its partners owned 7,559 shares; of the 7,000 shares of common stock they owned 5,517 shares; and out of the corporation's issue of $750,000 bonds secured by mortgage, the firm held $660,000; and of its general debts the firm was a creditor for more than $400,000.

Because of occurrences which have nothing to do with the present controversy, the three concerns in 1914 became wholly insolvent and passed into the hands of receivers.

From insolvency in 1914, the firm of R. D. Wood & Company has today become solvent. The only pertinency of this fact to the present controversy is, that the payment or withholding of dividends on the indebtedness of the mortgage bonds of the Camden Iron Works will not affect the payment of the debts of R. D. Wood & Company to its creditors; it will affect only the payment of profits to the surviving member of that firm and to the personal representative of the deceased member.

From insolvency that appeared hopeless in 1914, Camden Iron Works has grown to affluence. This has been due to excellence of business management on the part of the receivers which is little short of remarkable, and also to a close and intelligent co-operation between the receivers and the court that is highly creditable to both.

Heulings Lippincott was first appointed sole receiver of Camden Iron Works, with authority to conduct the business. The funds in hand

were entirely inadequate. By able financeering, the receiver obtained money with which to resume operation. Alfred J. Major later was appointed co-receiver. Under their joint management, the business changed immediately from steady losses to mounting profits. During their incumbency, the receivers did a business of more than $10,000,-000 and disbursed more than $9,000,000. They paid the bondholders $95,000 interest in arrears and maintained interest payments as they matured in sums aggregating $112,500. In June 1918, they paid a dividend of thirty per cent. on unsecured debts and thirty per cent. on interest that had accrued thereon, and now ask authority to pay a like dividend. These payments of interest and dividends were made possible by profits earned during the receivership in the large amount of $1,094,719.60.

The obligations of the estate as they stand today are, in round numbers, $750,000 first mortgage bonds, of which the receivers of R. D. Wood & Company hold $660,000; $52,000 other mortgages; and about $600,000 general claims, of which the receivers of R. D. Wood & Company have filed about $329,000. To meet these obligations, secured and unsecured, the receivers have current assets of cash, bills and accounts receivable, etc., amounting to $1,530,970, and current liabilities amounting to $153,827, leaving net assets of $1,377,142, to which is to be added the plant and its equipment at its appraisal in October 1914, of $1,356,431. It thus appears that the current assets are alone nearly sufficient to pay all debts of the receivership, secured and unsecured, and that current assets and the plant at its appraised figure would, if need be, pay the same twice over.

In the matter of business as distinguished from finances, it appears that the receivers have unfinished contracts presently in hand which amount to more than $1,000,000, with enough coal and iron in stock and paid for to cover the contracts.

This statement of the affairs of the receivership is made somewhat in detail for the purpose of showing that the condition of insolvency of Camden Iron Works, which brought about the receivership, has disappeared, and that the proposed dividend does not involve the liquidation of an insolvent corporation and the distribution of its capital assets, but concerns merely the distribution of earnings of the receivership which exceed its business requirements, a situation to which the law of the cases cited and previously adverted to is in no sense applicable.

If the distribution to be made by the proposed dividend is out of the ordinary, as the appellants believe, it is because the earnings out of which the dividend is to be paid are etxraordinary, and because it is justified by the history of the receivership and by the relation which the different creditors, secured and unsecured, bear to the corporation and to one another. R. D. Wood & Company, the principal secured creditor, owns four-fifths of the stock of Camden Iron Works, and holds six-sevenths of its mortgage indebtedness and three-sixths of its general indebtedness. With respect to the mortgage indebtedness, there are two questions yet to be determined. The first is, whether the original default in interest on the bonds prior to receivership brought

about the maturity of those obligations, and, if so, whether the situation was changed by the subsequent acceptance by the bondholders of all interest which was in arrear and which latterly was paid on interest dates. The second is, whether the bond issue is valid in amount, it being claimed that the security of $660,000 in bonds taken and held by R. D. Wood & Company was in excess of the indebtedness of Camden Iron Works to R. D. Wood & Company at the time the mortgage was made.

It would be inequitable to make general creditors await the determination of these questions before receiving dividends, when, manifestly, payment of the mortgage bonds in full cannot be made until these questions are determined, and when the payment of the proposed dividend would in no sense deplete the mortgage security.

Both concerns now being solvent, there is no question between general creditors of R. D. Wood & Company and general creditors of Camden Iron Works with respect to the payment of their debts. The question is simply this: Whether R. D. Wood & Company and members of the Wood family composing the firm, as holders of mortgage bonds of Camden Iron Works, which are in litigation as to their maturity and amount and which are abundantly protected not only by their original security but by an increase of assets derived from the administration of the receivership, shall now be paid a dividend from earnings produced largely on credits extended by others at their instance. As no contractual rights arising from the bond obligations are violated and no security of the bondholders is prejudiced by the payment of the proposed dividend to general creditors, we are not disposed to disturb this one of the many orders which the District Court has been called upon to make in the admirable administration of this estate.

The decree below is affirmed.