**In re CHICAGO & N. W. RY. CO.**

**IRVING TRUST CO. v. GUARANTY TRUST CO. OF NEW YORK et al.**

**No. 7165.**

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1940.

Cyrus H. Adams, of Chicago, Ill., for appellant.

Kenneth F. Burgess, Douglas F. Smith, Ernest S. Ballard, Ferris E. Hurd, Henry F. Tenney, and Roger R. Leech, all of Chicago, Ill., and Leslie B. Soper, Edwin S. S. Sunderland, and Thomas O'G. Fitz-Gibbon, all of New York City, for appellees.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

PER CURIAM.

This matter is here on the motion of debtor's trustee in connection with similar motions by other interested parties to dismiss appellant's appeal. The parties were in court by virtue of a reorganization proceeding pursuant to Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, and the order appealed from was entered September 28, 1939. All parties to the appeal, except the Reconstruction Finance Corporation, are trustees under mortgages securing bonds and securities which constitute liens upon debtor's property or upon the property of certain of its numerous subsidiaries. The Reconstruction Finance Corporation a committee representing certain insurance companies and the debtor's trustee, is the holder of certain subsidiary stocks and bonds pledged with it as collateral for notes issued by the debtor.

Two of such parties, namely, the Guaranty Trust Company of New York, trustee under a certain mortgage, and the Central Hanover Bank and Trust Company, trustee under another certain mortgage, together

with the Reconstruction Finance Corporation, petitioned the court for the payment of interest due upon their respective mortgages. Appellant filed answers in the nature of cross-petitions to said petitions, for payment. Other petitions, answers and cross-petitions were filed by interested parties which do not appear to be material to the question now before us.

The issues thus raised were referred to a special master, who, after a hearing, submitted a report of the evidence to the court. Debtor's trustee recommended to the court that such claims, or at any rate certain portions of said claims, be paid.

The order appealed from authorized and directed the trustee to make the recommended payments. Included in said order are the following paragraphs:

"5. That if the payments, which are to be made pursuant to paragraphs 1 and 2 of this order, are found, upon a further accounting for the period to which such payments relate, to be greater than they should be in view of the rights of other claimants in this proceeding, or otherwise, then such payments shall be charged against the amounts accruing under the respective mortgages or notes and shall be readjusted in accordance with equitable principles.

"6. That the hearing on all cross petitions filed to the aforesaid petitions of the Guaranty Trust Company of New York, the New York Trust Company, the Reconstruction Finance Corporation, and the Central Hanover Bank and Trust Company, be and the same hereby is continued generally."

The question to be determined upon the instant motion is whether or not the order appealed from is final. Appellant argues that it is, while the trustee and those associated with him contend to the contrary. We were presented with an analogous situation in Re Chicago R. I. & P. Ry. Co., 7 Cir., 90 F.2d 795. It was there held the appeals were premature and we conclude that the same result must be reached in the present matter. A reading of the order here complained of readily discloses that the court remains in a position to properly protect the rights and interests of all the parties, including appellant. True, it is argued that the payments ordered to be made are to the detriment or damage of appellant. It seems to us, however, that such contention is more imaginary than real— at any rate, it is a matter of speculation.

We therefore conclude the order appealed from is not final, and that the appeal should be dismissed. An order will thus be entered.