Application of REALTY ASSOCIATES SECURITIES CORPORATION.

Application of TRUSTEES OF REALTY ASSOCIATES SECURITIES CORPORATION.

No. 45024.

District Court, E. D. New York.

June 24, 1944.

Halpin & Keogh, of New York City (Eugene J. Keogh and Edward S. St. John, both of New York City, of counsel), for trustees.

Auchincloss, Alley & Duncan, of New York City (James B. Alley and Charles R. Lowther, both of New York City, of counsel), for debtor.

George Zolotar, of New York City (Kiva Berke, of New York City, of counsel), for Securities and Exchange Commission.

Percival E. Jackson, of New York City (Theodore N. Tarlau, of New York City, of counsel), for John Vanneck et al.

Lewis, Marks & Kanter, of Brooklyn (Jack L. Rappaport, of New York City, of counsel), for Bondholders Protective Committee.

Julius Silver, of New York City, for Bondholders Protective Committee.

Archibald Palmer, of New York City, for Anna A. Kuhlmann and Catherine Kuhlmann.

Joseph R. Margulies, of New York City, for Bondholders Ernestine Needles et al.

Herrick & Feinstein, of Brooklyn (Abraham Feinstein, of Brooklyn, N. Y., of counsel), for Bondholders Directors Committee.

Newman & Bisco, of New York City (Perry A. Hull, of New York City, of counsel), for Manufacturers Trust Co. as Trustee under Indenture, dated July 10, 1933.

James F. Dealy, of New York City, for Amalgamated Properties, Inc.

Irving L. Schanzer, of New York City, for Prudence Realization Corporation.

Root, Clark, Buckner & Ballantine, of New York City (William P. Palmer, of New York City, of counsel), for Consolidated Realty Corporation.

Charles J. Buchner, of Brooklyn, for Mary C. O'Neil.

Edwin L. Smart, of Brooklyn (Frank McCabe, of Brooklyn, of counsel), for bondholders Wyckoff et al.

Charles Buermann, bondholder.

Jerome Thralls, trustee.

MOSCOWITZ, District Judge.

The Trustees have applied for instructions regarding a present distribution of excess, sterile cash as a part payment of principal to the debtor's bondholders.

During the operation of the debtor's business since September 28, 1943, when the petition was filed, the Trustees have come into possession of large sums of cash and had on hand on April 29, 1944, the sum of $844,239.99. In addition, they held securities which are legal investments for savings banks in the amount of $3,020,595.25. This amount of liquid assets is considerably in excess of the sum which is necessary as a working capital fund, and there is no reason why a distribution should not be made at this time to bondholders, who have as yet received nothing on the principal of their claims, even though a plan of reorganization has not yet been proposed.

The fundamental purpose of a proceeding under Chapter X, 11 U.S.C.A. § 501 et seq., as contrasted to a straight bankruptcy, is the preservation of the going-concern value of the business of the debtor. If the interests of all those concerned in the proceeding are best served by the retention of all the assets in the hands of the Trustees until a plan has been offered, that should be done, but where, as here, the Trustees possess assets in an amount more than sufficient to permit the continuance of the debtor's regular business, it is entirely consistent with the purposes of Chapter X that such excess should be distributed to bondholders, whether or not a plan has been proposed, and the Court clearly has the authority to do so.

The power of the court to order distributions prior to a plan of reorganization has been recognized frequently in proceedings under Section 77, 11 U.S.C.A. § 205. In re Central of Georgia Ry. Co., D.C.S.D.Ga., 1942, 42 F.Supp. 940; In re Central of Georgia Ry. Co., D.C.S.D. Ga., 1942, 48 F.Supp. 445, affirmed Cen-

tral Hanover Bank & Trust Co. v. Callaway, 5 Cir., 1943, 135 F.2d 592; In re Chicago & N. W. Ry. Co., 7 Cir., 1940, 114 F.2d 963, and in equity receivership proceedings, Todd v. Lippincott, 3 Cir., 1919, 258 F. 205. It has also been brought to the attention of the Court by counsel for the Securities and Exchange Commission that distributions have been made or are about to be made in the following Chapter X proceedings:

| | | |
|---|---|---|
| Cenwest Corp., | SD NY | Index No. 80504 |
| Childs Co., | SD NY | Index No. 82868 |
| Equitable Office Building Corp., | SD NY | Index No. 78476 |
| Foundation Properties, Inc. | SD NY | Index No. 82995 |
| Isham Garden Apartments, Inc., | SD NY | Index No. 82354 |
| Philadelphia & Reading Coal & Iron Co., | ED Pa. | Index No. 19711 |
| Philadelphia & Western Railway Co., | ED Pa. | Index No. 18014 |
| Philadelphia & Western Railway Co., | ED Pa. | Index No. 21935 |
| Reynolds Investing Co., Inc., | D NJ | Index No. 27683 |
| Warner Sugar Corp., | SD NY | Index No. 76523 |
| Washington Gas & Electric Co., | SD NY | Index No. 79529 |

After due consideration of the working capital and reasonable reserve requirements of this debtor, the Court has determined that a distribution of 20% of the unpaid principal amount of the outstanding bonds may be made at this time without in any manner impairing the interest of the debtor, and the Trustees are instructed to make such distribution as a part payment on the principal.

Settle order on notice.