In re **FLINTRIDGE STATION ASSOCIATES, Debtor.**

**FLINTRIDGE STATION ASSOCIATES, Plaintiff,**

v.

**AMERICAN FLETCHER MORTGAGE COMPANY, Defendant.**

No. B77–1672A.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 30, 1977.

Larry K. Hyre, Bradley, Cobb & Hyre, Atlanta, Ga., for debtor.

H. Edward Hales, Jr., Alfred G. Adams, Jr., Sutherland, Asbill & Brennan, Atlanta, Ga., for limited partners of debtor.

A. L. Mullins, Jr., William D. Montgomery, Jr., Atlanta, Ga., for defendant.

### ORDER OF COURT

MOYE, District Judge.

This action is presently pending in the United States Bankruptcy Court for the Northern District of Georgia (Bankruptcy Court). Flintridge Station Associates (debtor), a Georgia limited partnership, has filed a voluntary Petition in Bankruptcy Court seeking relief under provisions of Chapter XII of the Bankruptcy Act. The action is presently before this Court on debtor's Application for Suspension of The Rules and Expedited Appeal from the Bankruptcy Court's denial of an Application for Order Supplementing the Automatic Stay provisions of section 507 of the Act.

The relevant facts of this case are undisputed. Robert H. Farrar Construction Company, a Georgia corporation, is the fee owner of a tract of real property which, through a series of subleases and assignments, is now leased by debtor. In order to build a shopping center on its leasehold, debtor borrowed $2,550,000 from American Fletcher Mortgage Company (AFMC). To secure that debt, debtor conveyed to AFMC the interest in the leasehold and all improvements located thereon in a deed to secure debt. The rent collected from the tenants who occupy the shopping center constituted debtor's principal business income.

In November 1976, pursuant to the terms of a rent assignment agreement, AFMC began to collect all rents from tenants in the shopping center to partially satisfy debtor's loan. Debtor filed this Chapter XII petition on July 1, 1977. AFMC has continued to collect rents subsequent to that filing.

Debtor maintains that this continued collection of rents violates the automatic stay provision of section 507. On July 22, it filed an Application for Order Supplementing and Enforcing Automatic Stay. By this motion debtor sought an order directing AFMC to cease and desist the collection of rents. AFMC argued that its collection of rent was not subject to the provisions of section 507. On August 11, 1977, the Bankruptcy Court entered an order denying debtor's application and set down for adversary proceedings the issue of whether section 507 barred AFMC's collection of rents from debtor's property.

It is this order from which debtor appeals to this Court. The Court is confronted first with the procedural issue of whether an expedited appeal from the Bankruptcy Court should be allowed in accordance with Rule 814.

Bankruptcy Rule 814 allows an expedited appeal from an order of the Bankruptcy Court for good cause. Debtor contends that good cause has been shown in this case. It argues that the Bankruptcy Court's order was contrary to the provisions of section 507 and Rule 12–43 and was inconsistent with the prevailing practice in this district. Moreover, it argues that the Bankruptcy Court's failure to order AFMC to cease and desist the collection of rent has severely jeopardized the rights of debtor and other creditors because it has interfered with the prompt rehabilitation of debtor.

Debtor's interpretation of section 507 and Rule 12–43 is that the Bankruptcy Judge must, as a matter of law, issue an ex parte order that AFMC cease collecting the rents. This Court finds that it is consistent with the Bankruptcy Act and Rules for the Bankruptcy Court to order an adversary proceeding to decide whether or not AFMC is entitled to the rents.

The Court recognizes that section 507 grants an automatic stay of all efforts to collect property belonging to the debtor. But section 507 cannot be made applicable to AFMC's activities merely as a result of debtor's allegations. In response to debtor's application, AFMC raised the issue of whether or not the automatic stay provision is even applicable against it in this case. Moreover, even if the automatic stay provision is applicable, there are questions involving the parties' ultimate rights in these rents since there are instances when rent assignments such as exist between debtor and AFMC will be allowed to continue. See In re Philadelphia and Reading Coal and Iron Co., 117 F.2d 976 (3d Cir. 1941).

Before issuing an order enforcing the automatic stay provisions of the Act, the Bankruptcy Court must decide whether the stay provisions are applicable to AFMC's rent collection. The substance of debtor's appeal concerns the question of how this issue is to be resolved by the Bankruptcy Court. Bankruptcy Rule 914 speaks directly to this issue and provides that any contested issue not otherwise provided for by the rules, shall be raised by "motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." The mandatory stay of section 507 is clear, but the applicability of that stay to each case depends on factual determinations. AFMC disputes the allegation that section 507 applies to it, and pursuant to the requirements of due process and Rule 914, an adversary proceeding is proper.

If debtor contends that it is suffering irreparable harm by the short wait for a full adversary proceeding, then it should seek the protections of a temporary restraining order pursuant to Bankruptcy Rule 765 and Rule 65 of the Federal Rules of Civil Procedure. This procedure defines the scope of a court's power to act without a full opportunity to be heard by the party affected. This was the procedure followed by the debtor in its motion of August 5, 1977. The harm was corrected by an injunction from the Bankruptcy Court dated August 11, 1977. In light of that order, debtor's estate is suffering no irreparable harm during the pendency of this present action.

AFMC has continued to represent to the Bankruptcy Court, debtor, and other parties in interest that it would voluntarily subject the rents and profits to the normal and reasonable operating expenses of the shopping center. AFMC has consented to the order of the Bankruptcy Court approving a management agreement between debtor and a management company in order to make more certain that the maintenance and operation of the shopping center will continue uninterrupted. The management company uses funds collected by AFMC. Furthermore, shortly after commencement of this Chapter XII proceeding, AFMC voluntarily established an account in American Fletcher National Bank & Trust Company, at Indianapolis, Indiana, in which all post-filing rents, which are not spent on maintenance of the shopping center, are deposited. AFMC agrees that the final disposition of this account will be determined by the Bankruptcy Court. Furthermore, the adversary proceeding to determine the ulti-

mate rights in the rents has been scheduled in this case and is expeditiously proceeding to the merits in the Bankruptcy Court. Briefs were to be filed by August 24, 1977, and reply briefs by August 26, 1977. There is no reason to doubt that a decision on the merits by the Court will be forthcoming very soon.

In light of these factors, the Bankruptcy Court acted properly when it ordered that the applicability of section 507 to the collection of rents was to be made after an adversary proceeding. It is consistent with the Bankruptcy Act for the court to await an adversary proceeding before determining whether or not the automatic stay provisions are applicable to this action. Moreover, to hold that a Bankruptcy Court must *always* act with the haste of an ex parte decision would raise grave due process questions. *See Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). In situations such as the present, where no harm is done to debtor by waiting a short time for an adversary proceeding, the clear implication of these cases is that due process prefers a prior hearing.

The Bankruptcy Court's decision to await an adversary proceeding is not inconsistent with other cases rendered in the jurisdiction. Debtor points to the procedure used in two recent cases: *In re Carousel United Partnership*, N.D.Ga., No. B77–1756A, opinion dated August 9, 1977, unreported, and *In re Pickett, Gardner, Landers and Associates*, N.D.Ga., No. B77–852A, opinion dated August 9, 1977, unreported. However, neither of these cases was decided in a manner which would contradict this Court's holding in the instant action. In *Carousel*, the record reveals that the Court afforded both parties an opportunity to be heard. In *Pickett* there is no indication that any creditor raised the factual dispute which called for resolution by an adversary proceeding.

In summary, when the allegations set forth in debtor's application were disputed by AFMC, the Bankruptcy Court acted properly in setting the issue down for adversary proceeding. Absent a situation which demands an ex parte temporary restraining order as provided for by the Rules, issues which are contested before the Bankruptcy Court should be resolved in a smooth and orderly fashion, consistent with notions of due process and as envisioned by the Bankruptcy Rules in which both sides have an adequate opportunity to be heard. The Bankruptcy Court was correct in ordering an adversary proceeding in this case to be initiated by complaint and to include the submission of briefs to the court. Resolution of the merits of whether AFMC is entitled to collect debtor's rents is left to the Bankruptcy Court. Accordingly, the decision of this Bankruptcy Court is AFFIRMED.